IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JMMJ Resources, LLC<br>d/b/a SMARTePLANS<br><br>    Plaintiff,<br>v.<br><br>Compass RE Texas, LLC,<br><br>    Defendant. | Case No. _____<br><br>Jury Demanded |

## ORIGINAL COMPLAINT

Plaintiff JMMJ Resources, LLC d/b/a SMARTePLANS ("Plaintiff" or "SMARTePLANS") brings this action for copyright infringement against Defendant Compass RE Texas, LLC ("Defendant" or "Compass") and alleges as follows:

### PARTIES

1. Plaintiff SMARTePLANS is a Texas limited liability company with its principal place of business in Spring, Texas.

2. Defendant Compass is a real estate brokerage company operating in this Judicial District. Compass may be served through its registered agent, C.T. Corporation System at 1999 Bryan Street, Suite 900 Dallas, Texas 75201-3136. Compass may also be served with process at 4200 Westheimer Road; Suite 1000; Houston, Texas, or wherever it may be found.

## JURISDICTION AND VENUE

3. The Court has personal jurisdiction over the Defendant because Defendant conducts business in Texas and within this Judicial District, and more specifically has committed the acts complained of herein in Texas and this Judicial District.

4. This Court has subject matter jurisdiction over this action. Plaintiff is asserting violations of the Copyright Act codified at 17 U.S.C. § 101 *et seq*. Pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338(a) (copyrights) this Court has original subject matter jurisdiction over the subject matter of the claims asserted herein.

5. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is located, in this Judicial District. Venue is also proper in this Judicial District pursuant to 28 U.S.C. § 1400(a) because the Defendant or one of its agents resides or may be found in this Judicial District and/or pursuant to 28 U.S.C. § 1400(b) because Defendant has committed acts of infringement and has a regular and established place of business in this Judicial District.

## BACKGROUND FACTS

***Plaintiff owns the copyright(s) in the Copyrighted Works.***

6. Plaintiff is a company that was founded by Judith Sinnard ("Sinnard") over 19 years ago. For nearly two decades Sinnard and her company, SMARTePLANS, have been in the business of creating customized interactive digital property pictorials (such as pictorials of residential floor plans) and licensing the use of the pictorials to real estate agents, brokers, and owners in Houston. One of those residential floor plan pictorials is the

subject of this case and has been copyrighted. Plaintiff owns and has registered that copyright. Plaintiff also has a federal trademark registration for the service mark SMARTePLANS®.

7.   The title of the copyrighted work at issue in this case (the "Copyrighted Work") is "2130 Inwood Drive" which depicts a pictorial of the floor plan and grounds of an existing two-story luxury residence in the prestigious River Oaks district of Houston. The copyright for the Copyrighted Work has been registered with the United States Copyright Office as Registration No. VA 1-742-690 (the "Registration"). A copy of the Certificate of Registration is attached hereto as **Exhibit 1**. A sample of the Copyrighted Work, which was filed with the Copyright Office as the deposit copy for that Registration, is attached as **Exhibit 2**.

8.   The Copyrighted Work is copyrightable under United States copyright laws, and Plaintiff owns the copyright in the Copyrighted Work.

9.   Prior to the Defendant's infringement, discussed below, Plaintiff published copies of the Copyrighted Work. Authorized published copies of the Copyrighted Work included "Copyright Management Information" as defined in 17 U.S.C. § 1202(c).

***Defendant has directly and indirectly willfully infringed the Copyrighted Work(s).***

10.   Defendant Compass is a real estate brokerage firm that operates in Houston, Texas via multiple real estate agents conducting business on its behalf. As part of the business, Defendant has advertised, marketed, and promoted homes for sale and/or lease using traditional print media such as brochures. Defendant has also advertised, marketed, and promoted homes for sale and/or lease on the internet using Defendant's website, found

at www.compass.com. Compass has also advertised, marketed, and promoted property sales and leases using one or more multiple listing services ("MLS") including HAR.com.

11. In 2023, Plaintiff first became aware of Defendant's infringement. During 2020, from at least April 20, 2020, to June 4, 2020, Defendant Compass, through its real estate agent Kelly Curran Foyt, had gained access to the Copyrighted Work and used one or more images that are copies or derivative works of the Copyrighted Work ("Copy" or "Copies") by, among other things, reproducing, downloading, publishing, posting, distributing, and/or otherwise copying the Copyrighted Work. Without proper authorization from Plaintiff, Defendant used those Copies to advertise, market, and promote the lease and/or sale of the property at 2130 Inwood Drive. For example, Defendant via its Agent, Kelly Curran Foyt, posted an infringing Copy on Defendant's exclusive property listing on HAR.com in connection with that property, for sale or lease (MLS # 96691079. The floor plan used by Defendants included the SMARTePLAN logo, as well as copyright notices, terms of use and additional CMI.

12. On information and belief, after the Defendant's property transaction was successfully completed, Defendant left the Copies displayed online in Houston's MLS system (HAR.com) for nearly two years, thereby making the floor plan Copies accessible to thousands of agents to be viewed, copied, and/or distributed at will. On information and belief, multiple agents and/or consumers have downloaded those Copies, thereby engaging in additional direct copyright infringement.

## CAUSES OF ACTION
## COUNT ONE: DIRECT COPYRIGHT INFRINGMENT

13. Plaintiff SMARTePLANS alleges that Defendant has engaged in direct copyright infringement in violation of the United States copyright laws and repeats and incorporates the allegations set forth above by reference.

14. SMARTePLANS owns the copyright(s) in the Copyrighted Work, which is copyrightable.

15. Defendant has directly infringed copyright(s) in the Copyrighted Work under 17 U.S.C. § 501, by violating SMARTePLANS' exclusive rights in the Copyrighted Work (including the right to reproduce and the right to prepare derivative works) under 17 U.S.C. § 106. For example, as set forth above, Defendant has engaged in copying, publishing, and distributing works that are reproductions or derivatives of the Copyrighted Work ("Copies").

16. On information and belief, Defendant's acts of infringement were committed willfully by Defendant.

17. Plaintiff is entitled to monetary and injunctive relief as specified below.

## COUNT TWO: CONTRIBUTORY COPYRIGHT INFRINGEMENT

18. Plaintiff SMARTePLANS alleges that Defendant has also engaged in contributory copyright infringement and repeats and incorporates the allegations set forth above by reference.

19. On information and belief, numerous agents, individuals, and entities directly infringed Plaintiff's copyrighted work.

20. On information and belief, Defendant induced, caused, and materially contributed to the infringing acts of those other agents, individuals, and entities, by encouraging, inducing, allowing, and assisting them to reproduce the copyrighted works or derivatives of the copyrighted work.

21. On information and belief, Defendant had knowledge of the infringing acts relating to Plaintiff's copyrighted works.

22. The acts and conduct of Defendant, as alleged above in this Complaint, constitute contributory copyright infringement. On information and belief, such contributory copyright infringement was willful.

23. Plaintiff is entitled to monetary and injunctive relief as specified below.

## CONDITIONS PRECEDENT

24. All conditions precedent have been performed or have occurred.

## JURY DEMAND

25. Plaintiff demands a trial by jury pursuant to Federal Rule of Civil Procedure 38.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant Compass be summoned to appear and answer herein, and that Plaintiff have judgment against Defendant that includes the following:

A. A finding that Defendant has engaged in direct and contributory infringement of the Plaintiff's Copyrighted Work,

B.  Entry of a preliminary and permanent injunction against Defendant, including the remedies specified in 17 U.S.C. §§ 502 and 503,

C.  An award of Plaintiff's damages and Defendant's profits, as provided for in 17 U.S.C. § 504, or statutory damages for willful infringement, at Plaintiff's election,

D.  A finding that Plaintiff is the prevailing party, and that Plaintiff is entitled to an award of its reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505.

E.  Prejudgment and post-judgment interest, and

F.  All other relief to which Plaintiff may be justly and equitably entitled.

Respectfully Submitted,

Date: December 1, 2023

**ELLIOTT LAW PLLC**

/s/ Douglas H. Elliott
Douglas H. Elliott
Attorney-In-Charge
Texas Bar No. 06535900
S.D. Texas No. 7830
doug@elliottiplaw.com
6750 West Loop South, Suite 995
Bellaire, Texas 77401
Telephone: (832) 485-3560
Facsimile:  (832) 485-3511

**ATTORNEY FOR PLAINTIFF**